# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TIFFANY ANN STROBL, ) | CASE NO. 3:19CV135 |
| ) | |
| Petitioner, ) | JUDGE JEFFREY HELMICK |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | JONATHAN D. GREENBERG |
| JAMES HAVILAND, ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |

This 28 U.S.C. § 2241 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is the Petition of Tiffany Ann Strobl ("Strobl" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. At the time she filed her Petition in July 2018, Strobl was being detained at the Federal Correctional Institution in Dublin, California. Her Petition was transferred to this Court after Strobl was transferred to the Corrections Center of Northwest Ohio ("CCNO") in Stryker, Ohio in December 2018. In September 2019, Strobl was transferred back to Federal Correctional Institution in Dublin. Currently pending is Strobl's "Motion for an Order to Show Cause why the defendant should not be held in contempt for failure to comply with court order." (Doc. No. 22.)

For the following reasons, this Court recommends that Strobl's Motion for an order to Show Cause and underlying Petition for a Writ of Habeas Corpus be DISMISSED as moot.

I.  **Procedural History**

On July 31, 2018, Strobl, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the computation of her sentence. (Doc. No. 1.) Both parties agree that the trial court's sentencing order clearly stated:

> The defendant is hereby committed to the Custody of the United States Bureau of prisons to be imprisoned for a total term of Time Served as to Count Four and 24 months as to Count Six. Count Six is to run consecutive to Count Four for Total Sentence of 24 months. This sentence is to run concurrent to that imposed in 17-60066-DIMIROULEAS.

(Doc No. 18 at 3.) The dispute is whether that sentence should have ended on February 27, 2019, as Strobl claimed, or on September 9, 2019, as computed by the Bureau of Prisons. (*Id.* at 4.)

In her "Motion for an Order to Show Cause why the defendant should not be held in contempt for failure to comply with court order," filed on May 13, 2019, Strobl requests the Court issue an Order to "hold the Defendant in contempt till such time as the Defendant complies with the court order[1] . . . or show due cause why they did not follow the order from the court." (Doc. No. 22 at 5.) She sought an Order to Show Cause why she had not been released because she believed she had completed the sentence at issue. *(Id.)*

Unmentioned by either the Petitioner or the Respondents is that subsequent to incarceration on the sentence that Strobl is challenging, she was charged with conspiracy to commit money laundering in a separate case. (*United States v. Strobl*, 2:18-cr-218, Indictment, ECF No. 3.) She waived her right to a detention hearing in that case and, on November 29, 2018, was ordered held in the custody of the U.S. Marshals pending final resolution of her case. (*Id.,* Order of Detention

---

[1] The "order" Stroble refers to is the sentencing order that forms the basis for her underlying habeas petition. At the time she filed the "Motion for an Order to Show Cause," Stroble was two weeks past the date on which she believed she should have been released.

Pending Trial, ECF No. 21.) This may explain why she (and the Petition at issue here) were transferred from the Northern District of California to Ohio in January 2019.[2] On February 7, 2019, Strobl pled guilty to one count of Conspiracy to Commit Money Laundering. (*Id.,* Min. Entry: Change of Plea Hr'g, ECF No. 39.) On July 25, 2019, she was sentenced to fifteen months of imprisonment in that case. (*Id.,* J. as to Tiffany A. Strobl, ECF No. 80.) However, the sentencing court found that ten months of her prior sentence - the sentence at issue in her Habeas Petition - should be credited in that case, resulting in an additional five months of incarceration, to be followed by three years of supervised release. (*Id.*)

**II. Law & Analysis**

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing cases or controversies. *See Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed. 2d 529 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 4330 (1990); *Grider v. Abramson*, 180 F.3d 739, 746 (6th Cir. 1999). "Article III denies federal courts the power 'to decide questions that cannot affect the rights of the litigants in the case before them.'" *Lewis*, 494 U.S. at 477 (quoting *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971)). It is well-settled that the parties must continue to have a personal stake in the outcome. *Lewis*, 494 U.S. at 477. *See also Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

A district court may lack jurisdiction over a petitioner's habeas claim under 28 U.S.C. § 2241

---

[2] While her Habeas Petition was sent to the Northern District of Ohio, because Strobl was housed at the Corrections Center of Northwest Ohio, the new criminal charges were litigated in the Southern District of Ohio. (*United States v. Strobl*, 2:18-cr-218, Indictment, ECF No. 3.)

if the petitioner is not in custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). *See also Ibrahim v. Sessions*, No. 4:18CV122, 2018 WL 3548827, at *1 (N.D. Ohio July 24, 2018); *Weldearegay v. U.S. Att'y Gen.*, No. 4:17CV2648, 2018 WL 2025690, at *1 (N.D. Ohio April 10, 2018) *report and recommendation adopted by* No. 4:17cv2648, 2018 WL 2017869 (N.D. Ohio May 1, 2018). A petition for writ of habeas corpus challenges a government custodian's authority to continue detaining an individual. *See e.g., Ibrahim*, 2018 WL 3548827, at *1. Therefore, the individual's release from custody generally moots a habeas petition. *Lane v. Williams*, 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

Federal courts have recognized narrow exceptions to this general rule when the released prisoner can establish that he or she will suffer a future collateral consequence as a result of the detention or that the case is "capable of repetition, yet evading review." *Lane*, 455 U.S. at 632-33. *See also Weldearegay*, 2018 WL 2025690, at *1. To establish a collateral consequence sufficient to avoid mootness, a habeas petitioner must show "some concrete and continuing injury other than the now-ended incarceration" that can be remedied by granting the habeas petition. *Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). To establish that a case is capable of repetition yet evading review, the petitioner must show that (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is a reasonable expectation or a demonstrated probability that the controversy will recur. *See Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006).

In this case, Strobl sought to be released from prison on the date she believed was the correctly-calculated end of her sentence. (Doc. No. 1 at 2.) The Court has not reached the merits of her argument, but observes that, regardless of whether Petitioner or Respondent was correct in

their calculations, the sentence she was disputing is now complete, since the Bureau of Prisons had calculated her release date as September 9, 2019. (Doc. No. 18 at 4.) Further, any additional time served was credited toward her new fifteen-month sentence, and any post-release supervision she is subject to will be as a result of that conviction and sentence. Accordingly, Strobl will suffer no future collateral consequence as a result of the Respondent's hypothetical error. (*United States v. Strobl*, 2:18-cr-218, J. as to Tiffany A. Strobl, ECF No. 80.)

Strobl has completed the sentence she was challenging in her Habeas Petition, and there remains no live case or controversy over which this Court could assert jurisdiction. Further, assuming arguendo that Strobl has been subjected to an additional period of imprisonment as she asserted in her habeas petition, she suffered no injury from that error. Under the sentencing order for her new criminal conviction, the time she served was credited towards her new fifteen-month sentence, and any post-release supervision that she is subject to will be a result of that new conviction and sentence. In short, Strobl is no longer in custody on the sentence she challenged, and cannot assert any concrete and continuing injury arising from the sentence calculation challenged in her Habeas Petition. Therefore, both the "Motion for an Order to Show Cause why the defendant should not be held in contempt for failure to comply with court order" and the underlying Habeas Petition are moot and must be dismissed.

Accordingly, it is recommended that both Strobl's Motion for an Order to Show Cause and Petition for a Writ of Habeas Corpus challenging the computation of her now-completed sentence be DISMISSED as Moot.

## IV. Conclusion

For all the reasons set forth above, it is recommended the Motion for an Order to Show Cause and underlying Habeas Petition be DISMISSED as Moot.


Date:  October 16, 2019                           s/ *Jonathan D. Greenberg*
                                                                          JONATHAN D. GREENBERG
                                                                          U.S. MAGISTRATE JUDGE


**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**